IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Trout, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:12-670-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Colormatrix Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

   This matter is before the court on Colormatrix Corporation's ("Colormatrix") motion to set aside the default judgment granted by the court on November 27, 2012.  For the reasons below, the court grants Colormatrix's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

   This is a personal injury case in which Terry Trout ("Trout") claims to have suffered numerous injuries due to the alleged negligence of Colormatrix and one of its employees, Bradley M. Batson ("Batson").  (Compl. ¶ 8, ECF No. 1.)  Trout, a truck driver employed by USF Holland, Inc., was delivering a loaded pallet to Colormatrix at the time of his injury.  (Id. ¶ 6.)  Trout alleges Colormatrix failed to provide an appropriate location or safe method for the delivery and unloading of the pallet, and that Batson, in assisting Trout with the unloading process, pushed a pallet onto Trout causing him to fall and sustain injuries as a result.  (Id. ¶ 9.)

   Trout filed the summons and complaint with the court on March 7, 2012.  Colormatrix is a foreign corporation unauthorized to conduct business in South Carolina.  (Def. Mem. Supp. Mot. Set Aside 3, ECF No. 26-1.)  However, it was authorized to conduct business in Ohio and

1

had listed the address of its registered agent for service of process with the Secretary of State of Ohio. (Id.) Trout attempted to serve Colormatrix's registered agent on March 22, 2012, using the address provided by the Ohio Secretary of State, but the documents were returned unclaimed on April 4, 2012. (Pl. Mem. Opp'n Mot. Set Aside 1, ECF No. 30.) Pursuant to S.C. Code Ann. § 15-9-245(a), Trout then served the Secretary of State of South Carolina as Colormatrix's agent upon whom process against it may be served. (Id.) The South Carolina Secretary of State's office accepted service on April 26, 2012, and in accordance with § 15-9-245(b), forwarded the documents to Colormatrix's registered agent in Ohio. (Id. Ex. B (Secretary of State Letter), ECF No. 30-2.)

Colormatrix did not answer or respond to the summons and complaint in any way, and Trout requested entry of default by the Clerk of Court against Colormatrix on August 26, 2012. The following day, on August 27, 2012, the Clerk entered default. Trout later filed a motion for default judgment against Colormatrix on November 12, 2012. After Colormatrix failed to plead or otherwise appear in the action, the court granted default judgment in favor of Trout on November 27, 2012.

According to Colormatrix, it never received actual notice of the summons and complaint and was not aware that it was a named party to the case. (Def. Mem. Supp. Mot. Set Aside 2-4, ECF No. 26-1.) The address Colormatrix listed with the Ohio Secretary of State was a former office location, which it vacated in 1994. (Id. at 3.) Further, Colormatrix's registered agent with the Ohio Secretary of State, Michael Shaughnessy, although a founding shareholder of Colormatrix, sold his shares in December 2011 and has had no involvement with Colormatrix since that time. (Id.) Colormatrix only discovered the instant lawsuit when Trout sent a copy of

2

the default judgment via certified mail on December 4, 2012, to its Berea, Ohio address listed on

its website.  (Id. at 4.)  Colormatrix received the letter on December 10, 2012, and filed the

instant motion on December 18, 2012.  (Id.)  Trout filed a response in opposition to the motion

on January 11, 2013, and Colormatrix replied on January 22, 2013.  This matter is now ripe for

consideration.

## II. DISCUSSION OF THE LAW

Colormatrix moves to set aside the default judgment pursuant to Rules 60(b)(1) and (6)

of the Federal Rules of Civil Procedure.[1]  Rules 60(b)(1) and (6) state, "[o]n motion and just

terms, the court may relieve a party or its legal representative from a final judgment, order, or

proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;

[or] . . . (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1) & (6).  "Traditionally,

. . . relief from a judgment of default should be granted where the defaulting party acts with

reasonable diligence in seeking to set aside the default and tenders a meritorious defense."

United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).  "[A]ll that is necessary to establish

the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if

believed, would permit either the Court or the jury to find for the defaulting party."  Id.  Other

factors to consider include "the personal responsibility of the defaulting party, the prejudice to

the [nonmoving] party, whether there is a history of dilatory action, and the availability of

---

[1]Colormatrix further claimed that pursuant to Federal Rule of Civil Procedure 60(b)(4), the default judgment granted against it is void "due to Trout's failure to comply with the applicable laws governing service of process."  (Def. Mem. Supp. Mot. Set Aside 5, ECF No. 26-1.)  Because the court grants Colormatrix's motion to aside the default judgment on other grounds, it declines to address this issue.

3

sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

"[W]here default judgments are at issue, over the years [the Fourth Circuit] has taken an increasing liberal view of Rule 60(b) . . . ." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

Colormatrix acted promptly and well within a year after the entry of judgment as proscribed by Rule 60(c)(1) upon first learning of the default judgment on December 10, 2012, by filing the instant motion eight days later on December 18, 2012. Colormatrix has also established the existence of a meritorious defense. Colormatrix has presented testimony by the only other eye witness, Batson, that directly conflicts with the Plaintiff's portrayal of the incident. (Def. Mem. Supp. Mot. Set Aside (Batson Decl. 1-2), ECF No. 26-6.) There is no evidence of previous dilatory action on Colormatrix's behalf, absent failing to answer Trout's summons and complaint. (Pl. Mem. Opp'n Mot. Set Aside 13-14, ECF No. 30.) In addition, there should be far less drastic sanctions available to the Plaintiff in comparison to the $2,092,300.74 in damages awarded in the default judgment. See Colleton Preparatory, 616 F.3d at 418 (suggesting that a motion for an award of attorney's fees and costs to a plaintiff in opposing the motion to set aside an entry of default or default judgment could be appropriate).

Trout argues that he will be prejudiced if the default judgment is set aside and "contends that the mere delay alone has caused prejudice to his case." (Pl. Mem. Opp'n Mot. Set Aside

4

18, ECF No. 30.)  However, "the issue is one of *prejudice to the adversary*, not merely the existence of delay."  Colleton Preparatory, 616 F.3d at 418.  "[D]elay in and of itself does not constitute prejudice to the opposing party."  Id.  Further, to the extent Trout argues prejudice because of discovery difficulties and potential loss of evidence, the Plaintiff himself waited approximately three years after the incident occurred to file his complaint.  (Pl. Mem. Opp'n Mot. Set Aside 18, ECF No. 30; Compl. ¶ 6, ECF No. 1.)  Thus, prejudice to the Plaintiff, other than the possible delay incurred by resolving the case on its merits, is minimal.

Colormatrix failed to respond to the summons and complaint.  However, it candidly admitted its neglect, and established that its failure to respond was not done in an intentional or fraudulent effort to avoid being served with process.  (Def. Mem. Supp. Mot. Set Aside 14, ECF No. 26-1.)  Colormatrix's failure to update its registered agent information with the Secretary of State of Ohio was an oversight, and after new ownership assumed control in December 2011, it remedied the mistake in August 2012.  (Id.)  Further, Colormatrix has continued to accurately state its place of business in Ohio on its website, which is how Trout notified it of the default judgment.  (Id. at 15; Pl. Mem. Opp'n Mot. Set Aside 2, 17-18, ECF No. 30.)  Thus, although Colormatrix neglected to update the address of its registered agent with the Ohio Secretary of State, this oversight is not by itself determinative, and the court finds it excusable in this instance.  See Colleton Preparatory, 616 F.3d at 419-20 (noting that a district court should not place "overarching emphasis on any single Payne factor").  Based on the foregoing, the court finds that Colormatrix acted promptly, demonstrated a lack of prejudice to Trout, and proffered a meritorious defense.  Therefore, pursuant to Rule 60(b), the court sets aside the default judgment.

Therefore, it is

**ORDERED** that Colormatrix's motion to set aside the default judgment, docket number 26, is granted.  Colormatrix shall have 10 days from the date of this order to file a responsive pleading to Trout's complaint.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 11, 2013