IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Trout, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:12-670-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Colormatrix Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Terry Trout's ("Trout") motion to strike Colormatrix Corporation's ("Colormatrix") answer to Trout's complaint pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure. Trout additionally moves the court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its February 11, 2013 Order setting aside the default judgment it had previously ordered on November 27, 2012. For the reasons below, the court denies Trout's motion.

### I. Factual and Procedural History

Trout filed the complaint in this action on March 7, 2012. Colormatrix is a foreign corporation authorized to conduct business in Ohio. (Def. Mem. Supp. Mot. Set Aside 3, ECF No. 26-1.) Trout attempted to serve the complaint on Colormatrix's registered agent on March 22, 2012, using the address provided by the Ohio Secretary of State, but the documents were returned unclaimed. (Pl. Mem. Opp'n Mot. Set Aside 1, ECF No. 30.) Pursuant to S.C. Code Ann. § 15-9-245, Trout served the South Carolina Secretary of State on April 26, 2012, whose

1

office forwarded the documents to Colormatrix's registered agent in Ohio. (Id. Ex. B (Secretary of State Letter), ECF No. 30-2.) Colormatrix did not respond or answer in any way, and the Clerk of Court entered default against it on August 27, 2012. Trout then filed a motion for default judgment on November 12, 2012, which the court granted against Colormatrix on November 27, 2012.

Colormatrix learned of the default judgment on December 10, 2012, and filed a motion to set it aside on December 18, 2012. (Def. Mem. Supp. Mot. Set Aside 4, ECF No. 26-1.) On February 11, 2013, the court set aside the default judgment and ordered Colormatrix to file a responsive pleading to Trout's complaint within ten days. Colormatrix filed its answer to Trout's complaint on February 20, 2013. On February 21, 2013, Trout filed the instant motion to strike Colormatrix's answer and for the court to alter or amend its February 11, 2013 Order setting aside the default judgment.

## II. DISCUSSION OF THE LAW

Pursuant to Rule 12(f)(2), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Nevertheless, a motion to strike is an extreme and awesome remedy that is highly disfavored by the courts." Mitchell v. First Central Bank, Inc., No. 2:08CV6, 2008 WL 4145449, at *1 (N.D.W.Va. Sept. 8, 2008) (unpublished). "Even if a motion to strike is technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party." Id. at *2 (internal quotation marks omitted). The Plaintiff has alleged prejudice because of the delay of Colormatrix's untimely response to the complaint. (Pl. Mot. Strike 5, ECF No. 41.) However, "delay in and of itself does not constitute prejudice to the opposing

party." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th Cir. 2010). Further, "a motion to strike in th[is] situation would contravene the established policies disfavoring motions to strike . . . and favoring the resolution of cases on their merits." Mitchell, 2008 WL 4145449, at *2 (internal quotation marks omitted). Therefore, Trout's motion to strike Colormatrix's answer is denied.

Trout also moves the court to alter or amend its February 11, 2013 Order setting aside the default judgment pursuant to Rule 59(e). A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted).

In his motion, Trout reasserts the allegations made in his response in opposition to Colormatrix's motion to set aside the default judgment and presents no new facts or evidence that alter the court's original findings in its February 11, 2013 Order. Trout is unable to demonstrate a clear error in law or a change in controlling law. Further, Trout is unable to demonstrate a manifest injustice would occur from the case being decided on the merits. Sherwin-Williams Co. v. Coach Works Auto Collision Repair Ctr. Inc., No. WMN-07-2918, 2012 WL 2343235, at *2 (D.Md. June 19, 2012) (unpublished) ("Courts should bear in mind the strong federal policy disfavoring the entry of default judgment when there is an opportunity to

instead decide a case on its merits."). Based on the foregoing, Trout's motion to alter or amend the court's February 11, 2013 Order is denied.

It is therefore

**ORDERED** that Trout's motion to strike Colormatrix's answer and to alter or amend the court's February 11, 2013 Order, docket number 41, is denied.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
February 26, 2013